RALPH SANDERS, PROSECUTOR, v. JARKA CORP. AND LIBERTY MUTUAL INSURANCE CO., RESPONDENTS.

Argued January 21, 1948—Decided June 4, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the prosecutor, *Harry Krieger.*

For the respondents, *John W. Taylor.*

The opinion of the court was delivered by

BURLING, J. *Certiorari* was allowed in this case to review the judgment of the Essex County Court of Common Pleas which affirmed the dismissal of prosecutor's petition for compensation.

Prosecutor was employed as a maintenance mechanic and truck driver by respondent and at the time of the accident in question was acting as a helper to one Rice while Rice was obtaining by truck lubricating oil at Port Newark.

In the course of this mission prosecutor was ordered by Rice to back the truck. As he did so he struck a coal truck which belonged to the United States Government and which was operated by one of its civilian employees. Prosecutor was under instructions to obtain the registration number and driver's license number of any vehicle with which he might have a collision. Acting under these instructions he dismounted from the truck and went back to the other truck to obtain the required information.

As he was taking down the number of the truck a person who was identified only as "Willie" but who was apparently the helper on the government truck, demanded to know why prosecutor was getting the number of the truck since prosecutor had backed into them. A heated and violent exchange of vituperative and obscene language then took place until prosecutor was ordered by Rice to return to his truck. Obedient to this order he returned and seated himself in the cab. Rice started the motor intending to proceed about his business. At this state "Willie" who apparently was smarting over the interchange of words, picked up a Coca-Cola bottle and rushed to the cab of the truck, opened the door and dragged prosecutor out of the cab and struck him with the bottle.

The above facts are not disputed and it is conceded that the accident in question arose in the course of prosecutor's employment. However, respondents contend that it did not arise out of the employment and both the Bureau and Common Pleas Court concurred in this contention and dismissed the petition.

Were it not for the case of *Geltman* v. *Reliable Linen and Supply Co.* (*Court of Errors and Appeals*, 1942), 128 *N. J. L.* 443, there would be little doubt but that the petition should be dismissed. However, prosecutor contends that his case is similar to the *Gellman* case, *supra,* and should be controlled by it and if he is correct then the judgment of dismissal should be reversed.

However, the facts in the *Gellman* case, *supra,* disclosed that in that instance the employee was seated behind the wheel of his vehicle which had been chased for several blocks by the assailants. Nor does it appear that the employee engaged in any such vehement name calling as characterizes the present case. The *Geltman* case, *supra,* is not to be construed as giving an employee *carte blanche* to engage in as violent an exchange of obscenity as he pleases under an assurance that if, as a result of his masterly use of foul language, he is injured, he may be compensated under the statute.

The proofs in this case clearly show that, regardless of which person first lost his temper, prosecutor invited his own

disaster. He admitted the use of vile language and he cannot bring himself back within the purview of the statute because immediately before the assault he turned his back.

We hold that the accident in question did not arise out of the prosecutor's employment and that it is therefore not compensable.

The judgment of the Essex County Court of Common Pleas will be affirmed, with costs.